## In re FARRELL. (No. 1.)

(Supreme Court, Special Term, New York County. March 10, 1916.)

MUNICIPAL CORPORATIONS ⚖═240—CONTRACTS—BIDDING.

 The city of New York, for the purpose of purchasing coal for several departments, adopted the system of having all proposals for bids submitted and the contracts awarded under one advertisement; each department head acting only with reference to the bid submitted for his department. Applicant was the only bidder on the several items advertised, and his bids were rejected. Subsequently other bids were made at sub-

stantial reductions in price; in some cases applicant himself submitting second bids, which were lower than the first. The advertisement stated that the award would be made to the lowest bidder, and reserved to the city the right to reject all bids or estimates, if deemed for the benefit of the city. Greater New York Charter (Laws 1901, c. 466) § 419, declares that contracts shall be let to the lowest bidder, unless not to the public interest. *Held*, that applicant was not entitled to mandamus to compel the municipality and its departments to deliver contracts to him.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 672; Dec. Dig. ☞240.]

Application by one Farrell for writ of mandamus against the City of New York and various municipal departments. On motion for peremptory writ. Motion denied.

Denis O'L. Cohalan, of New York City, for petitioner.

Lamar Hardy, Corp. Counsel, of New York City, for City of New York.

GUY, J. The applicant asks for a peremptory writ of mandamus against the city of New York and various municipal departments and officials, directing them to execute and deliver to him, in accordance with bids submitted by the applicant, a contract for the supply of coal to the several departments named in the moving papers. It appears that prior to 1915 the city, in purchasing coal, had separate and individual contracts and notices of proposals for bids and instructions to bidders for each department; that it fixed separate dates for submitting these bids and separate places for receiving them and awarding the contracts. In or about the beginning of 1915, however, the city decided it was for its best interests to group, as far as possible, the purchasing of coal to be used by the several departments under the direct control and supervision of the mayor, and for that purpose the system was adopted of having all proposals for bids for the various departments submitted, received, and opened, and the contracts awarded, under one advertisement; each department head acting only with reference to the bids submitted for coal for his department, thus purchasing the supplies for his particular department. In accordance with this new system the applicant, on or prior to January 14, 1916, made bids for supplying numerous "items," aggregating 11,524 gross tons, in certain "zones" in the borough of Manhattan on or before April 30, 1916, and the respondents having rejected his bids, he asks for a writ of mandamus directing them to execute with him a contract for the purchase of the quantities of coal covered by his bids at the prices quoted therein.

In opposition to the motion respondents show that the applicant was the only bidder on the several items in question; that since the rejection of the bids the head of one of the city departments advertised for bids for coal deliveries to be made on or before March 16th; that the lowest bid was materially lower than the bids submitted by the applicant for the same grade of coal; that on the later proposal the applicant also submitted bids and several of them were lower than those submitted by him on January 14, 1916, but considerably higher than those of the lowest bidder on the later proposal; that since January 14th prices have been obtained from dealers for the delivery of the different kinds of coal for which bids had been made by the applicant; and that the prices so obtained are lower than the prices

submitted by him January 14, 1916, his charge on said date in one instance being over $2 a ton greater than the price quoted by another dealer. While in no sense affecting the legal status of the applicant as of the date of the rejection of the applicant's bid, a mere recital of the facts establishes the good faith of the respondents, and that the rejection of applicant's bid was in the interest of the city. The fact that other coal dealers bidding on other items were awarded contracts as the lowest bidders on such items has no bearing on the question pre-sented. It was stated in the schedule of quantities and prices, and also in the advertisement, that "an award will be made to the lowest bidder of each item in each zone," and by the terms of the notice to contrac-tors and the advertisement the city reserved the right "in each case to reject all bids or estimates if it is deemed for the interest of the city so to do."

It follows that within the meaning of section 419 of the charter the rejection of the applicant's bid for each item, he being the only bidder, was the rejection of all bids for that item, and the motion for a peremptory writ must be denied.