submitted by him January 14, 1916, his charge on said date in one instance being over $2 a ton greater than the price quoted by another dealer. While in no sense affecting the legal status of the applicant as of the date of the rejection of the applicant's bid, a mere recital of the facts establishes the good faith of the respondents, and that the rejection of applicant's bid was in the interest of the city. The fact that other coal dealers bidding on other items were awarded contracts as the lowest bidders on such items has no bearing on the question pre-sented. It was stated in the schedule of quantities and prices, and also in the advertisement, that "an award will be made to the lowest bidder of each item in each zone," and by the terms of the notice to contrac-tors and the advertisement the city reserved the right "in each case to reject all bids or estimates if it is deemed for the interest of the city so to do."

It follows that within the meaning of section 419 of the charter the rejection of the applicant's bid for each item, he being the only bidder, was the rejection of all bids for that item, and the motion for a peremptory writ must be denied.

---

### In re FARRELL. (No. 2.)

(Supreme Court, Special Term, New York County. March 10, 1916.)

Application by one Farrell for writ of mandamus against the City of New York and various municipal departments. On motion for peremptory writ. Motion denied.

See, also, 157 N. Y. Supp. 823.

GUY, J. The facts in this matter are similar to those in proceeding No. 1 above, 157 N. Y. Supp. 823, and for the reasons therein stated the motion must be denied.

---

### LANGER v. KAUFMAN et al.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

1. PLEADING ⬉129(2)—ADMISSION BY FAILURE TO DENY.
    In an infant's action to recover for wages, an answer, failing to deny an allegation of the complaint as to plaintiff's rendition of services and defendant's claim to pay therefor, admitted it.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 271, 273; Dec. Dig. ⬉129(2).]

2. PARENT AND CHILD ⬉6—WAGES OF MINOR—ACTIONS—JUDGMENT.
    In an infant's action for $30, claimed to be due for wages, where the answer admitted that between those dates plaintiff rendered services for defendants for which they agreed to pay him $9 per week, and where a separate defense alleged that between October 3d and October 18th plain-tiff performed work to the value of $21, and that defendants had ten-dered that amount, less $14.07 due to defendant, and where a check given plaintiff for wages for the week immediately before October 3d, and which came back from the bank unpaid, was admitted without objection, plaintiff was entitled on the pleadings and evidence to judgment for at

---

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes